

**SIGNED THIS 22nd day of April, 2019**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | Chapter 13 |
| **BRUCE IAN GURLEY,** | Case No. 18-62443 |
| Debtor. | |
| | |
| **HSBC BANK USA, N.A.,** as Trustee on behalf of the holder of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2 or present noteholder, | |
| Movant, | |
| v. | ECF Doc. No. 38 |
| **BRUCE IAN GURLEY,** | |
| and | |
| **HERBERT L. BESKIN,** Chapter 13 Trustee, | |
| Respondents. | |

### ORDER

Background

Bruce Ian Gurley filed a voluntary chapter 7 petition in this Court, *pro se*, on December 14, 2018. ECF Doc. No. 1. This is not Mr. Gurley's first case in this district. Mr. Gurley filed a prior chapter 7 petition, *pro se*, on January 5, 2018 that was subsequently dismissed on February 8, 2018.[1]

---

[1] Mr. Gurley's prior chapter 7, case number 18-60012, was dismissed for failure to file all of the required schedules, statement of current monthly income, means test form 122A-1, statement of financial affairs, and summary of assets and liabilities.

1

Along with his petition in the current case, Mr. Gurley filed a motion to pay his filing fee in installments and paid the first installment. *See* ECF Doc. Nos. 5, 7. On December 17, 2018, the Court issued a deficiency order because Mr. Gurley did not file all of his schedules, a chapter 13 plan, a statement of current monthly income and calculation of commitment period (form 122C-1), a statement of financial affairs, or a summary of assets and liabilities (form 106Dec). ECF Doc. No. 9.

On January 10, 2019, Mr. Gurley filed his balance of schedules and a plan. ECF Doc. Nos. 15, 16. However, the Court issued another deficiency order because Mr. Gurley filed his plan on an incorrect form and did not file a certificate of service, failed to file the certification regarding his schedules, and added new creditors to his matrix without an amendment form and without paying the filing fee. *See* ECF Doc. No. 17. The notice provided that if the deficiencies were not cured, the case would be dismissed without further notice or hearing. Mr. Gurley did not cure these deficiencies, and his case was dismissed on January 29, 2019. ECF Doc. No. 19.

On February 4, 2019, Mr. Gurley filed a motion to reopen his chapter 13 case. ECF Doc. No. 21. That same day, Mr. Gurley also filed an amendment to his creditor matrix with the filing fee and paid his remaining filing fees.

The Court held a hearing on Mr. Gurley's motion to reopen his chapter 13 case on February 14, 2019. At the hearing, Mr. Gurley explained that a fire to his home on December 1, 2018, prevented him from focusing on his case. Mr. Gurley also noted that he will now have more time to focus on the case and will continue seeking legal counsel to aid him in the case. Based on the statements of Mr. Gurley at the hearing, and his efforts to remedy the deficiencies, the Court vacated its January 29 dismissal order. *See* ECF Doc. No. 31 (Order entered February 19, 2019, vacating prior dismissal order).

On March 13, 2019, creditor Select Portfolio Servicing, Inc., a servicer for HSBC Bank USA, N.A., as Trustee on behalf of Deutsche Bank Alt-A Securities Mortgage Loan Trust (the "Bank") filed a motion for relief from stay. ECF Doc. No. 38. The Court held a hearing on the Bank's motion on April 11, 2019. At the hearing, counsel for the Bank argued that the automatic stay terminated by operation of law. Counsel noted that Mr. Gurley's first bankruptcy case was dismissed in February 2018. When Mr. Gurley filed his second bankruptcy petition on December 14, 2018, it rendered only a thirty-day automatic stay because he filed the second case filed within twelve months of that dismissal. So, when Mr. Gurley did not file, within thirty days of December 14, 2018, a motion to extend the stay, the stay terminated by operation of law.

Analysis

The automatic stay is described in section 362. Section 362(c)(3) states:

if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3)(A).

Before filing his current case, Mr. Gurley was in a prior chapter 7 case that was dismissed on February 8, 2018, when he failed to file all the required bankruptcy forms and schedules. Because his prior case was dismissed under section 707(a) within the 1-year period preceding the date he filed his current case, the automatic stay in the current case terminated on the 30th day after Mr. Gurley filed this case. *See* 11 U.S.C. § 362(c)(3)(A). In other words, because Mr. Gurley's chapter 7 case was dismissed on February 8, 2018, which is only ten months prior to December 14, 2018, when Mr. Gurley filed this current bankruptcy case, Mr. Gurley's prior case

3

was dismissed within the 1-year period preceding the date Mr. Gurley filed his current case. For these reasons, the automatic stay in the current case terminated by operation of law on January 13, 2019. At the time this Court dismissed Mr. Gurley's current case on January 29, 2019 (before later vacating that dismissal) the automatic stay had terminated by operation of law.

The Bankruptcy Code does not distinguish between debtors represented by counsel and debtors unrepresented by counsel for purposes of the automatic stay and its termination under section 362(c). The fact that the debtor was not aware the stay had terminated when he sought to have the dismissal order vacated is immaterial. When Mr. Gurley's dismissal order was vacated on February 19, 2019, the automatic stay did not resurrect.[2]

Accordingly, it is

**O R D E R E D**

that the **automatic stay terminated by operation of law** on January 13, 2019. Because the stay terminated by operation of law before the motion for relief from stay was filed, the motion for relief from stay, ECF Doc. No. 38, is **MOOT**.

The Clerk is directed to serve copies of this Order on the Debtor, Bruce Ian Gurley; the Chapter 13 Trustee; counsel for Movant; and all creditors and parties in interest on the Debtor's matrix.

**End of Order**

---

[2] Vacating the order of dismissal does not change dates that passed prior to entry of the dismissal order.